Summons Issued
Receipt No 91767

FILED
BILLINGS DIV.

2006 AUG 25  PM 2 51

PATRICK E. DUFFY, CLERK

BY _____
          DEPUTY CLERK.

Larry G. Grubbs
LYNAUGH, FITZGERALD, EISELEIN & GRUBBS
225 North 23rd Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone:  (406) 252-3461
Telecopier:  (406) 245-2660
***ATTORNEYS FOR PLAINTIFF***

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| JAMES D. NUNLEY, ) | |
| ) | Cause No. CV-06-123-BLG-RFC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| BILLINGS CLINIC, a corporation, ) | **and** |
| ) | **JURY DEMAND** |
| ) | |
| Defendant. ) | |

COMES NOW the Plaintiff and for his claims against the Defendant

complains and alleges as follows:

I.

The Plaintiff, James D. Nunley, is a resident and citizen of the State of

Arizona.

-1-

II.

The Defendant, Billings Clinic *(formerly known as Deaconess Billings Clinic, Deaconess-Billings Clinic Health System, Deaconess Hospital, Columbus Clinic, Columbus Clinic, and Stillwater Community Hospital, among other names)*, is a citizen of the State of Montana in that it is a corporation organized and existing under the laws of Montana with its principal place of business in Billings, Montana, so that there is a complete diversity of citizenship between the parties.

III.

This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, the amount specified in 28 U.S.C. § 1332, exclusive of interest and costs. Venue in this Court is proper in that the Defendant's principal place of business and office is in, and a substantial part of the events or omissions giving rise to this claim occurred in, Yellowstone County, Montana.

IV.

At all relevant times, the Defendant was acting by and through its agents and employees, including but not necessarily limited to Richard K. Klee, M.D. *(a family practice physician)*, Robert J. Pueringer, M.D. *(a pulmonologist)*, Roger G. Santala, M.D. *(an oncologist)*, and Steven M. Peterson, M.D. *(a thoracic surgeon)*, all of whom were acting within the course and scope of their duties, agency, and/or

employment as physicians providing medical care, treatment, and advice to the

Plaintiff, James D. Nunley; and, the Defendant is vicariously liable for the subject

negligence of its agents and employees and Plaintiff's resultant damages.

V.

All conditions precedent to the commencement of this action have been

performed or have occurred, including the processing to completion of an

application for review of claim before the Montana Medical Legal Panel, the

decision of which was entered and mailed on July 27, 2006.

VI.

Due to soreness in his right testicle, on August 1, 2002, James Nunley (then

34 years of age) presented at the Defendant's clinic in Columbus, Montana, where a

physical examination by Dr. Klee revealed a mass on the top of Mr. Nunley's right

testicle.  Dr. Klee rendered a diagnosis of epididymitis, for which he prescribed an

antibiotic and scheduled a follow-up appointment for four days later.

VII.

At the follow-up visit on August 5, 2002, Dr. Klee noted that there still was a

little lump on the testicle and, without further testing or examination, noted that he

was "even more convinced that it is not a testicular mass," reiterated his diagnosis

of epididymitis, and so informed James Nunley.  James Nunley completed the

antibiotics as instructed, and the pain symptoms resolved.  Dr. Klee negligently

-3-

failed to conduct or arrange for any further follow-up examination or testing, failed

to refer Mr. Nunley to a specialist, and failed to otherwise rule out testicular cancer,

notwithstanding the continuing presence of a testicular lump on August 5, 2002.

### VIII.

About eight months later, on March 29, 2003, James returned to the

Defendant's clinic in Columbus not feeling well due to some perceived respiratory

problems.  On that occasion, Dr. David Kane saw Mr. Nunley, took a history,

conducted an examination, and ordered a chest x-ray.  The x-ray revealed a nodule

or "coin lesion" of about 2 centimeters in diameter in the left lung field.  Dr. Kane

sent Mr. Nunley and the x-rays to the Defendant's clinic in Billings for a CT scan

and an appointment with Dr. Pueringer, a pulmonologist.

### IX.

The lesion in Mr. Nunley's lung was a metastatic tumor which had originated

from a testicular (germ cell) cancer on his right testicle.  Under the circumstances,

standards of care required that a testicular cancer that had metastasized to the lung

be included in the differential diagnoses of the Defendant's specialist physicians

who examined, advised, and provided medical care and treatment for Mr. Nunley

between March 29, 2003, and April 22, 2003, and further required that their

examinations and history-taking include careful examinations of, and inquiry

regarding, the testicles.  The Defendant's specialist physicians failed to meet

applicable standards of care in this regard. Had they done so, the testicular source

of the cancer would have become apparent, and it is highly probable that the cancer

would have been accurately diagnosed and completely cured by removal of the

testicle and chemotherapy.

X.

Mr. Nunley saw Dr. Pueringer for the first time on March 31, 2003. After

examining Mr. Nunley, a CT scan taken on that date, and the earlier chest x-ray, Dr.

Pueringer's diagnoses that day included the following:

2.      Left lower lobe lung mass with perihilar extension,
        differential diagnosis:

                a. Carcinoma, either primary along with small
                cell being most likely and/or metastatic.

On March 31, 2003, Dr. Pueringer negligently failed to examine James

Nunley's testicles.

XI.

Dr. Pueringer proceeded with further testing and studies on April 3, 2002, his

diagnosis on that date was: "Large cell carcinoma with hilar adenopathy." Once

again, on April 3, 2002, Dr. Pueringer negligently failed to examine James Nunley's

testicles.

-5-

XII.

On April 15, 2003, Dr. Santala, an oncologist, examined and consulted with Mr. Nunley.  Dr. Santala likewise negligently failed to examine Mr. Nunley's testicles as part of his physical examination, and advised that surgical removal of all or part of Mr. Nunley's left lung would be the first choice of treatment.

XIII.

Dr. Peterson, a thoracic surgeon, was brought into the case.  On April 15, 2003, Dr. Peterson also examined and consulted with James Nunley.  Like Dr. Pueringer and Dr. Santala, Dr. Peterson also negligently failed examine the testicles as part of his physical examination of James Nunley.

XIV.

In part because of his concern over the recommended removal of his left lung, Mr. Nunley saw Dr. Pueringer a third time on April 21, 2003, but Dr. Pueringer again negligently failed to consider metastatic testicular cancer in his differential diagnoses, and once again negligently failed to examine Mr. Nunley's testicles.  Dr. Pueringer noted that Mr. Nunley "should tolerate a pneumonectomy fairly well."  Surgical removal of Mr. Nunley's left lung was scheduled for the next day.

XV.

In the absence of any examination of his testicles at any time by any of the three specialist physicians—a pulmonologist, an oncologist, and a thoracic surgeon—who saw him, examined him, and advised him per the referral by Dr. Kane on March 29, 2003, James Nunley was taken to Defendant's Operating Room on April 22, 2003, for a pneumonectomy.

XVI.

Prior to removing Mr. Nunley's lung, Dr. Peterson ordered and received an intraoperative pathology report regarding the lung tissue in question.  The pathologist's intraoperative differential diagnoses included "metastatic germ cell neoplasm"—which included metastatic testicular cancer.  Specifically noting that "there was some question as to the exact etiology of this lesion," Dr. Peterson consulted intraoperatively with Dr. Pueringer.  Notwithstanding that they knew or should have known at this point that a metastatic testicular cancer curable without removal of the lung was included in the differential diagnoses, Dr. Pueringer and Dr. Peterson negligently failed to pursue further investigation, studies, or consultation, and negligently decided to proceed with a pneumonectomy.  Shortly thereafter, Dr. Peterson negligently and unnecessarily removed Mr. Nunley's left lung on April 22, 2003.

XVII.

Post-operative pathology reports confirmed the testicular origin of the lung lesion, which led one of Defendant's specialist physicians, Dr. Peterson, to finally examine Mr. Nunley's testicles on May 6, 2003. Dr. Peterson's examination revealed a firmness on the right testicle, which was then confirmed by a separate examination by a urologist on the same date, leading to the belated recognition that Mr. Nunley had been in need of the surgical removal of his right testicle and chemotherapy, and not the excision of his lung.

XVIII.

At this point, Mr. Nunley sought medical treatment elsewhere. He suffered extensive medical complications, and incurred substantial health care expenses, as a result of the negligent and unnecessary removal of his left lung on April 22, 2003.

XIX.

It is alleged that agents/employees of Defendant Billings Clinic acting within the scope of their agency/employment, including Dr. Pueringer, Dr. Santala, and Dr. Peterson, as well as Dr. Klee before them, committed malpractice, were negligent, and failed to meet applicable standards of care in several respects in the course of providing care and treatment for James Nunley, causing him to sustain serious injury and past and future economic and non-economic damages in an amount exceeding this Court's jurisdictional minimum.

## XX.

Without limiting the generality of the foregoing, it is alleged that, among other things:  Dr. Klee negligently failed to follow up with examinations, tests, studies, and/or referral for specialist care, to rule out testicular cancer on or after his August 1, 2002, and/or August 5, 2002, examinations of Mr. Nunley; in failing to timely discover, diagnose, treat, and/or refer for treatment of testicular cancer; and/or in otherwise failing to conform to applicable standards of care.

## XXI.

Without limiting the generality of the foregoing, it is alleged that, among other things, Dr. Pueringer, Dr. Santala, and Dr. Peterson were negligent in the care and treatment they rendered for Mr. Nunley: in failing to consider and include in their differential diagnoses primary testicular cancer as the origin of the metastatic lesion in Mr. Nunley's left lung; in failing pre-operatively to perform adequate physical examinations and studies, and obtain adequate histories, regarding Mr. Nunley, particularly with respect to his testicles, and particularly in light of the fact that Dr. Pueringer knew, and Drs. Santala and Peterson knew or should have known, from the Defendants' Columbus clinic records of the lump that had been found on Mr. Nunley's right testicle just a few months earlier; in failing to discover, diagnose, and treat the testicular cancer; in failing to accurately and appropriately diagnose

and treat the lesion in Mr. Nunley's left lung; in failing to obtain adequate informed consent from Mr. Nunley, including among other things the failure to provide him with adequate and accurate information regarding his surgical and non-surgical treatment options; in unnecessarily removing Mr. Nunley's left lung; and/or in otherwise failing to conform to applicable standards of care in connection with their care and treatment of Mr. Nunley.

## XXII.

As a direct result of the negligence and malpractice of the Defendant and its agents/employees involved in Mr. Nunley's above-described care and treatment, including Drs. Klee, Pueringer, Santala, and Peterson, Plaintiff James Nunley sustained bodily injuries including the unnecessary removal of his left lung; suffered and will suffer physical pain, discomfort, dysfunction, and impairment; suffered and will suffer emotional distress; incurred and will incur health care expenses; suffered and will suffer losses of income and income capacity; suffered and will suffer the loss of a normal life, and a diminishment in the quality of his life and his enjoyment of life; has suffered and will suffer the loss or diminishment of his ability to pursue an established lifestyle and course of life; and, was and will be otherwise injured, damaged, and harmed, all to his past and future economic and non-economic damage in an amount exceeding the jurisdictional minimum of this Court.

-10-

WHEREFORE, the Plaintiff, James D. Nunley, demands judgment against the

Defendant as follows:

A.   For all past and future general and special damages to which he is
     entitled by law under the circumstances, together with prejudgment
     interest thereon to the extent allowed by law, in amounts to be
     determined herein;

B.   For his costs of suit; and,

C.   For such other and further relief as the Court may deem to be just and
     equitable under the circumstances.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE

HEREIN.

DATED this 25th day of August, 2006.

Larry G. Grubbs
LYNAUGH, FITZGERALD, EISELEIN & GRUBBS
225 North 23rd Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone: (406) 252-3461
Telecopier: (406) 245-2660
*ATTORNEYS FOR PLAINTIFF*

%JS 44 (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James D. Nunley

**DEFENDANTS** CV-06-123-BLG-RFC
Billings Clinic, a corporation

**(b)** County of Residence of First Listed Plaintiff Cochise County, Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Larry G. Grubbs
Lynaugh, Fitzgerald, Eiselein & Grubbs
P.O. Box 1729, Billings, MT 59103-1729
(406) 252-3441

Attorneys (If Known) Herbert I. Pierce, III
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529, Billings, MT 59103-2529

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☒ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332
Brief description of cause: Medical malpractice resulting in unnecessary removal of lung and related

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint: injury and har
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY NA
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 8-25-2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

JAMES D. NUNLEY,                      )
                                      ) Cause No. _CV-06-123-BLG-RFC_
            Plaintiff,                )
                                      )
     vs.                              )
                                      )        **S U M M O N S**
BILLINGS CLINIC, a corporation,       )
                                      )
                                      )
            Defendant.                )

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's

Attorney, Larry G. Grubbs, Lynaugh, Fitzgerald, Eiselein & Grubbs, 225 North 23rd

Street, P.O. Box 1729, Billings, Montana 59103-1729, an answer to the complaint

which is served on you with this summons, within twenty (20) days after service of this

summons on you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.

(COURT SEAL)

                                  **Patrick E. Duffy**

                                  Clerk of Court

Dated:    **AUG 2 5 2006**        BY:    **J. Harris**

                                    Deputy Clerk